SHERRY RADACK
CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
RUSSELL LLOYD
JENNIFER CAUGHEY
JUSTICES



# Court of Appeals
# First District
## 301 Fannin Street
## Houston, Texas 77002-2066

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700

www.txcourts.gov/1stcoa.aspx

May 24, 2018

Anthony David Weiner
Dobrowski Larkin & Johnson LLP
4601 Washington Ave Ste 300
Houston, TX 77007-5594
* DELIVERED VIA E-MAIL *

Laura J. Kissel
Gibbs & Bruns, L.L.P.
1100 Louisiana, Ste 5300
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Kathy D. Patrick
Gibbs & Burns, L.L.P.
1100 Louisiana, Ste 5300
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Paul J. Dobrowski
Dobrowski, Larkin & Johnson L.L.P.
4601 Washington Avenue Ste 300
Houston, TX 77007
* DELIVERED VIA E-MAIL *

Brian T. Ross
Gibbs & Bruns, L.L.P.
1100 Louisiana, Ste 5300
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Leah Graham
Dobrowski, Larkin & Johnson LLP
4601 Washington Ave Ste 300
Houston, TX 77007-5594
* DELIVERED VIA E-MAIL *

**RE:** **Court of Appeals Number:** 01-18-00396-CV
**Trial Court Case Number:** 2015-25232

**Style:** TPG (Post Oak) Acquisition, LLC; TPG (Post Oak) Mezzanine, LLC; The Picerne Group, Inc.; TPG, Inc.; Allied Realty Advisors, LLC; Allied Realty Partners, LLC; Allied Orion Group, LLC d/b/a Allied Realty; and ACS Restoration GC, LLC d/b/a Allied Construction Services; TPG2011-4 (Post Oak), LLC v. Greyston Multi-Family Builders, Inc.

## GENERAL INFORMATION

On**, May 24, 2018**, a letter of assignment from the **334th District Court** trial-court clerk and a copy of the notice of appeal filed by **Greyston Multi-Family Builders, Inc., Greystone (Post Oak), LLC, and Walter B. Eeds** in the trial court was received and docketed as Cause Number **01-18-00396-CV**. This **Notice** contains information about some of the rules and procedures that govern prosecution of an appeal pending before the First Court of Appeals.

Texas Rule of Appellate Procedure 9.6 requires parties and counsel to communicate about a pending appeal only through the Clerk's office and they may not communicate with

either the justices or their staff about a case. It is also improper to send a document to the Court about an appeal unless a copy of it is served on all other parties to the appeal at the same time. *See* TEX. R. APP. P. 9.5(d), (e).

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system. A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so. Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.supreme.courts.state.tx.us/ebriefs/RedactionGuidelines.pdf.

## INFORMATION ABOUT THE APPELLATE RECORD

This letter is **NOTICE** to the appellant that the Court may dismiss an appeal for want of prosecution, if the clerk's record is not filed and it is appellant's fault. See TEX. R. APP. P. 37.3(b); 42.3. This letter is also **NOTICE** to the appellant that if it is appellant's fault that the reporter's record is not filed, the Court may decide the appeal on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Any motion related to informalities in the manner of bringing this appeal must be filed within thirty (30) days after the appellate record is filed. TEX. R. APP. P. 10.5(a).

To obtain the clerk's record and reporter's record without payment of costs, a party must file a Statement of Inability to Afford Payment of Court Costs and establish an inability to pay cost in the trial court. *See* Tex. R. Civ. P. 145. Unless an appellant has established an inability to pay costs in the trial, the trial-court clerk and court reporter are not required to file the clerk's and reporter's records until appellant has paid the required fees to prepare and certify the records, or has made satisfactory arrangements to pay the fees. *See* TEX. R. APP. P. 35.3(a)(2), (b)(3).

From information currently available, it appears that the trial court signed the final judgment or other appealable order on May 9, 2018. Because the notice of appeal indicates that a post-judgment motion was filed, unless the Court receives information to the contrary, the trial court clerk is due to file the clerk's record and the court reporter is due to file the reporter's record on or before **Monday, July 09, 2018**.

The appellant and/or appellee should inform the Court as soon as possible if (1) this appeal is accelerated or (2) if there is disagreement about (a) the date the trial court signed the final judgment or appealable order or (b) whether a post-judgment motion or request for findings of fact and conclusions of law was timely filed in the trial court.

It is **mandatory** that both the clerk's record and the reporter's record be filed electronically. Both the trial-court clerk and the court reporter are asked to complete the information sheet on the "Forms" page of the Court's website, http://www.txcourts.gov/1stcoa/practice-before-the-court/forms.aspx, and file it with the Court

within ten (10) days of the date of this Notice.  The parties do not need to file a motion to extend time to file either the clerk's record or the reporter's record.  *See* Texas Rules of Appellate Procedure 34.5(b)(1), (c)(2), 35.3(c), and 35.6(b)(1) and Appendix C of the Texas Rules of Appellate Procedure for electronic filing related to preparation of the appellate record.

Parties are encouraged to work together and with the trial court clerk and court reporter to properly designate all necessary items and portions of the testimony to be included in the initial records.  The Court generally will not grant a motion to extend time to file a brief because a party requests to supplement the record with an item or portion of the testimony that the party did not timely designate for inclusion in the initial clerk's record or reporter's record.  *See* TEX. R. APP. P. 10.5(b), 34.5(c)(1), 34.6(d), 38.6(d).

## INFORMATION ABOUT FILING DOCUMENTS

Texas Rule of Appellate Procedure 9.3 controls the number of paper copies and documents filed in paper form.  All documents must include a certificate of service.  *See* Tex. R. App. P. 9.5(d), (e).  All civil motions must include a certificate of conference, TEX. R. APP. P. 10.1(a)(5), and require a $10 filing fee, unless the movant has established indigence or is exempt from the advance payment of filing fees, e.g., the State or a political subdivision of the State. *See* TEX. R. APP. P. 5; FEES CIV. CASES B (3); Op. Tex Att'y Gen. No. DM-459 (1997).  The Court treats a civil motion requesting multiple types of relief as separate motions and requires a separate $10 filing fee for each motion.

## INFORMATION ABOUT BRIEFS

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system.  A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so.  Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov.  Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.txcourts.gov/media/124902/redactionguidelines.pdf.

## INFORMATION ABOUT ATTORNEYS APPEARING BEFORE THE COURT

Texas Rule of Appellate Procedure 6 governs matters related to an attorney's representation of a party before the Court.  Attorneys must promptly notify the Clerk's office of any change of address or change in designation of the lead counsel for a party.  A nonresident attorney who is not a member of the State Bar of Texas must satisfy the requirements for participation in a Texas legal matter found on the Board of Law Examiners' website http://www.ble.state.tx.us.

**INFORMATION ABOUT NOTICES TO PARTIES**

Notice must be sent to all parties of any judgment, mandate, or order issued. *See* Tex. R. App. P. 12.6. If a party is represented by an attorney, notice will be sent to the party's lead counsel. *See* TEX. R. APP. P. 9.5(b). Information available to the public about a case may be found on the "Case Information" page of the Court's website. Parties may sign up for e-mail notices about activity in their case on the "CaseMail" page of the website.

**STANDARDS OF APPELLATE CONDUCT**

The Court follows the Standards of Appellate Conduct adopted by the Supreme Court of Texas and the Court of Criminal Appeals. All attorneys and parties—including pro se litigants— are expected to fully comply with these standards, as well as all applicable provisions of the Texas Rules of Appellate Procedure, the Texas Disciplinary Rules of Professional Conduct, and the Code of Judicial Conduct. See the "Court Rules" page, "Other Rules Governing Attorneys" of the Texas Supreme Court's website, http://www.txcourts.gov/supreme.aspx, or call and ask that a copy be mailed to you.

Should you have questions at any time throughout the appellate process of your case, please do not hesitate to call the Clerk's office at 713-274-2700.

Sincerely,

Christopher A. Prine, Clerk of the Court

4